The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dillard and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and Key Risk Management Services, Inc. was on the risk on March 12, 1994, which is the date of the injury giving rise to this claim.
2. Plaintiff's average weekly wage was $578.19, which yields a compensation rate of $385.47.
3. The issues for determination are:
 (a) Whether the employment relationship existed between the parties;
 (b) Whether employee-plaintiff sustained a specific traumatic incident which resulted in a back injury which arose out of and in the course of his employment with employer-defendant.
4. The parties stipulated into the record the recorded statement of the plaintiff as well as medical records.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On March 12, 1994, plaintiff was the sole proprietor of Bryson and Son Trucking. As the sole proprietor, he was in the business of leasing his trucks to trucking companies. Plaintiff entered into an agreement with Phil Cline Trucking whereby two of his trucks were leased to the trucking company. Plaintiff was responsible for making deliveries per the dispatching assignments received from Phil Cline Trucking. He was also responsible for unloading, maintenance, and repair work.
2. Plaintiff entered into an contract with Phil Cline Trucking, dated February 18, 1994, which outlined the respective obligations and duties of both parties to the contract. Paragraph 3-A of the agreement provides, in pertinent part, that plaintiff had the duty to "continuously maintain said equipment in good, safe, serviceable and efficient operating condition, and shall bear and pay all expenses of operation of said equipment, including particularly, but without limitation, the costs of all fuels, lubricants, oils, parts, repairs, accessories, tire and tubes, safety equipment. . ." (emphasis added).
3. The agreement also provides that defendant had the duty to provide workers' compensation coverage for plaintiff. Paragraph 9 provides, in pertinent part, that plaintiff is "to be included in [defendant's] WORKMEN'S Compensation blanket coverage policy . . . It is expressly understood and agreed that such inclusion of [plaintiff's] employees under [defendant's] Workmen's Compensation policy is at the request of and for the accommodation of [plaintiff]." None of plaintiff's contractual duties were excluded from defendant's contractually-imposed duty to provide workers' compensation coverage.
4. On Friday, March 11, 1994, plaintiff was called by defendant and given an assignment to deliver a load to West Chester County, Pennsylvania, approximately four hundred miles away. Plaintiff accepted this assignment by phone. Plaintiff planned to leave home in his truck in the afternoon of March 12, 1994 in order to make the haul.
5. On Saturday, March 12, 1994, plaintiff worked on his truck from 12:00 noon until 2:30 p.m., when he attempted to lift approximately two and a half gallons of oil to pour into the transmission. While lifting this oil, plaintiff felt a severe pain in his back. Subsequent to the injury, plaintiff was taken to First Health in Belmont and has since been under the care of Dr. Bruce Darden at Charlotte Orthopedic Specialists.
6. After the injury on Saturday, March 12, 1994 and again on Sunday, March 13, 1994, plaintiff's wife phoned defendant to inform defendant that plaintiff would be unable to make the trip due to his back injury.
7. On March 12, 1994, Plaintiff, while lifting oil in the process of providing maintenance service to his truck, sustained a specific traumatic incident which resulted in a back injury.
8. In lifting oil while providing maintenance to his truck on March 12, 1994, plaintiff was performing a contractual obligation.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On March 12, 1994, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant when he lifted two and a half gallons of oil while providing maintenance to his truck pursuant to the terms of a contract entered into between plaintiff and defendant and dated February 18, 1994. N.C.G.S. § 97-2 (6).
2. Plaintiff's compensable injury on March 12, 1994 entitles him to temporary total disability compensation at the rate of $385.47 per week during the period of disability to be determined by a subsequent hearing before a Deputy Commissioner, as ordered below. N.C.G.S. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of his compensable injury on March 12, 1994, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give releif, and will tend to lessen plaintiff's period of disability. N.C.G.S. § 97-25 (before amendment).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $385.47 per week during his period of disability, which shall be determined pursuant to the subsequent taking of additional evidence before a Deputy Commissioner as ordered below.
2. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury on March 12, 1994, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give releif, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer to the Industrial Commission and approved by the Commission.
3. Payment of a reasonable attorney's fee for plaintiff's counsel shall be held in abeyance, pending a determination of the compensation due plaintiff.
ORDER
This case is hereby REMANDED to a Deputy Commissioner for a hearing solely on the issue of the extent of plaintiff's disability as a result of the compensable accident on March 12, 1994.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER